DAVID A. BOONE - SBN 74165
LEELA V. MENON - SBN 195435
FANNY ZHANG WAN - SBN 277606
LAW OFFICES OF DAVID A. BOONE
1611 The Alameda
San Jose, California 95126
Telephone;  (408) 291-6000
Facsimile:  (408) 291-6016

ATTORNEYS FOR DEBTORS
LUCIO CHAGOLLA &
MARIA D HERNANDEZ MURUETA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | CASE NO. **08-57523 SLJ** |
| LUCIO CHAGOLLA | CHAPTER 13 |
| MARIA D HERNANDEZ MURUETA | Date: April 16, 2015 |
| | Time: 10:00 AM |
| Debtors. | Courtroom: 3099 |
| | Honorable Stephen L. Johnson |

**MOTION TO VOID AND STRIP LIEN OF**

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**

Lucio Chagolla & Maria D Hernandez Murueta, hereinafter "Debtors" through attorneys, LAW OFFICES OF DAVID A. BOONE, respectfully represent:

1. Debtors filed a petition for relief on December 23, 2008.

2. The Debtors own real property at 336 Goss Avenue, Santa Cruz, CA, 95065 ("Property"), a legal description of the property is attached hereto and incorporated herein as Exhibit "1".

3. The Debtors contend that the value of the Property is no more than $550,000.00.

4. The Property is encumbered by a senior lien no less than $628,804.83.

5. The Property is encumbered by a junior lien held by JPMorgan Chase Bank, National

Association, "beneficiary", recorded with the Santa Cruz County Recorder on July 26, 2006 as document number 2006-0043690.

6. Debtors contend that, in light of the value of the Property and the amount of the senior lien, the lien of the deed of trust held by JPMorgan Chase Bank, National Association is wholly unsecured and has a value of zero. (See Declaration of Lucio Chagolla filed herewith).

7. It is the purpose of this motion to bind any servicing agents or other parties acting for beneficiary. They are also being served with this motion. Debtors' believe these are the following such parties: Five Lakes Agency, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Bankruptcy Rule 3012 provides:

> "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

Bankruptcy Code §506(a) provides:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest,...is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,...and is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim." ( *In re Lam,* 211 B. R. 36 (9th Cir. BAP 1997); *In re Maynard*, 264 B.R. 209 (9th Cir. BAP 2001); *In re Zimmer,* 313 F. 3d 1220 (9th Cir. 2002)).

The Declaration of Debtor establishes that the Property is property of the estate and provides adequate, qualified opinion evidence as to the value of the Property. Courts applying Federal Rules of Evidence, Rule 701, have held that, " The opinion testimony of a landowner as to the value of his land is admissible without further qualification." (*United States v. 3,698.63 Acres of Land*, 416 F. 2d 65, 67 (8th Cir. 1969)). In California, owners of land are qualified to testify to the value of their land (Cal. Evidence Code §813).

The debt to the first Deed of Trust holder is no less than $628,804.83, which is more than the value of the property. Since the junior trust deed is wholly unsecured, the lien should be found void and stripped as a lien on the property. Said lien should be treated as an unsecured claim unless it is a purchase money obligation. The Request for Judicial Notice filed herewith annexes the Proofs of Claim of the senior and the junior deed of trust holders which are incorporated herein as Exhibit "2" and Exhibit "3".

WHEREFORE, Moving Party respectfully requests the Court:

(1) to find that service was proper;

(2) to find that the market value of the Property is no more than $550,000.00 as of the date of filing;

(3) to find that the junior deed of trust held by JPMorgan Chase Bank, National Association is wholly unsecured, and has no value;

(4) to find that the junior deed of trust held by JPMorgan Chase Bank, National Association is void, unenforceable and of no further force or effect;

(5) to hold that the Order be binding on any successors or assigns of JPMorgan Chase Bank, National Association;

(6) the voiding and stripping of Creditor's Deed of Trust is contingent only upon the Debtors' completion of their Chapter 13 Plan and the Debtors' receipt of a Chapter 13 discharge.

(7) upon receipt of the Debtors' Chapter 13 discharge; Debtors shall record the Order to void and strip the lien and the discharge with the County Recorder's Office; and

(8) for such other and further relief as the Court deems just and proper.

Date: February 23, 2015        Respectfully Submitted,
                               THE LAW OFFICES OF DAVID A. BOONE

                               /s/ David A. Boone
                               Law Offices of David A. Boone
                               Attorney For Debtors